UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE WEGERS, et al.,

Defendants.

CASE NO. CR05-0231C

ORDER

This matter comes before the Court on motions to sever by Defendant Hugh Gale Henschel as to Count 33 (Dkt. No. 503), and by Defendant Robin Wade Hundahl as to Count 35 (Dkt. No. 499). The Court will GRANT Defendants' motions for the following reasons.

Hundahl and Henschel are two of twenty-eight defendants named in the First Superseding Indictment ("FSI"). Specifically, Hundahl is charged in Counts 4 and 5 with kidnapping and a related conspiracy, and in Count 35 with illegal possession of a firearm. (FSI 16–17, 33.) Henschel is charged in Counts 1 and 2 with RICO and a related conspiracy; in Counts 6, 8, and 9 with witness tampering and a related conspiracy; in Count 17 with conspiracy to distribute methamphetamine; and in Count 33 with illegal possession of firearms and ammunition. (*Id.* 2–15, 18–21, 26, 32–33.)

Counts 33 and 35 are both "felon in possession" charges under 18 U.S.C. § 922(g), requiring the government to introduce evidence of, and prove, Defendants' prior felony convictions. (*See* Dkt. No. 499, at 3.) Each Defendant argues that evidence of prior convictions is not required for the other counts in which they are charged, and that under Rule 14 the introduction of such evidence may prejudice

ORDER – 1

the jury and lead to convictions in the unrelated counts. *See* FED. R. CRIM. P. 14(a) (authorizing severance if "joinder of offenses . . . in an indictment . . . appears to prejudice a defendant"); *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996) ("[T]he practice of consolidating 'felon in possession charges' without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by this Circuit . . . .").

The government does not oppose severance of these counts for separate trials, but suggests that the trials simply be bifurcated, such that the same jury would remain empaneled following a verdict in Defendants' joint trial on the other charges. (*See* Pl.'s Opp'n 2.) When "felon in possession" charges are joined in a single indictment with charges not requiring proof of a prior conviction, the courts have generally found bifurcation to be an appropriate remedy. *See Nguyen*, 88 F.3d at 817 (bifurcation "strikes an appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy [because the] defendant's criminal past is not made known to the jury until after they reached a verdict with respect to the other charges") (internal quotations omitted). Defendants have not replied to oppose the government's suggested course of action.

Given the accord between the parties, the Court GRANTS Defendants Henschel and Hundahl's motions to sever Counts 33 and 35, and to bifurcate those counts for trial following their trial on the principle counts.[1]

SO ORDERED this 17th day of November, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

---

[1] Due to the ongoing briefing in response to a pending motion to continue the trial date (Dkt. No. 614), the Court will defer making any scheduling orders at this time.

ORDER – 2