UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GEORGE WEGERS, et al.,

    Defendants.

CASE NO. CR05-0231C

ORDER

    This matter comes before the Court on motions to dismiss Count 6 of the superseding indictment by defendants Hugh Gale Henschel (Dkt. No. 528) and William Blaine Beach, Jr. (Dkt. Nos. 509 & 549). Defendants Dale Robert Granmo (Dkt. No. 607) and Bernard Ortman (Dkt. No. 593) have joined one or more of these motions. Having considered the papers submitted by the parties, as well as the allegations in the indictment and the overall facts and circumstances in this case, and finding oral argument unnecessary, the Court DENIES each of the three motions for the following reasons.

**I.    Relevant Allegations**

    Defendants Beach, Henschel, and Ortman[1] are charged in Count 6 of the First Superseding Indictment ("FSI") with a conspiracy to tamper with witnesses in violation of 18 U.S.C. §§ 1512(b)(3)

---

[1] Defendants George Wegers, Jimmie Garman, and Christopher Horlock are also named co-conspirators in Count 6. (FSI 18.) Defendant Granmo is not named in Count 6.

ORDER – 1

and 1512(k). (FSI 19.)  That count alleges that from April through June 2005, the charged defendants, along with other unnamed co-conspirators, "did conspire and agree to corruptly persuade, with the intent to cause or induce, another person to hinder, delay, or prevent the communication of information relating to the commission or possible commission of a federal offense to a law enforcement officer." (*Id.*) Specifically, the conspiracy relates to certain Bandidos' communications with Wegers and their refusal to provide information regarding the kidnapping charged in Counts 4 and 5. (*See id.*) The witness-tampering conspiracy is also incorporated into the RICO charges in Count 1: Wegers, Ortman, and Henschel allegedly conspired to conduct the affairs of the Bandidos racketeering enterprise through a pattern of racketeering activity, including the witness-tampering conspiracy described in Racketeering Act 5.[2] (*Id.* 10–12.)

**II.     Legal Analysis**

Defendants Henschel and Beach move under Criminal Rule 12(b)(3) to dismiss Count 6 and Racketeering Act 5 in Count 1 for failure to state an offense. (Dkt. Nos. 528 & 509.) Beach further moves to dismiss Count 6 on the basis that 18 U.S.C. § 1512(b)(3) is unconstitutionally overbroad and void for vagueness. (Dkt. No. 549.) The Court will address each of these two challenges in turn.

**A.     The Allegations in Count 6 Do Not Fail to State an Offense**

Both of these motions argue, in essence, that Count 6 must be dismissed because it does not allege that any defendants except for Wegers "corruptly persuaded" others not to cooperate with federal investigators. Specifically, Henschel argues that "[a] plain reading of all of the pages related to Count 6 makes it clear that the essence of the charge is that Mr. Wegers instructed other members of the Bandidos not to talk to federal agents." (Henschel Mot. 2.)  Beach echoes this by arguing that he "was the target

---

[2] Defendant Granmo is not charged in Count 1, but is named in Count 2 as having conspired and agreed that a co-conspirator would carry out at least two of the ten racketeering acts detailed in Count 1. (FSI 14–15.) In response to the Court's order requiring particulars (Dkt. No. 578), the government notified Granmo by letter that he is accused of agreeing that Racketeering Acts 4 and 5 would be carried out. (*See* Dkt. No. 607 Ex. 1.)

ORDER – 2

being persuaded, not the one doing the persuading." (Beach Mot. 5.)  Ortman, in his notice of joinder, similarly alleges that the government "does not allege that [he] engaged in any overt acts in support of the alleged [witness-tampering] conspiracy." (Ortman Join. 2.)

Under Rule 12(b), any issue that "is capable of determination without the trial of the general issue may be raised before trial," including "objections based on defects in the indictment." FED. R. CRIM. P. 12(b)(2).  Rule 12 motions must be addressed to questions of law rather than fact, and in all cases the court "may not invade the province of the ultimate finder of fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993).  Accordingly, the Court must presume the truth of the allegations in the indictment. *United States v. Jensen*, 93 F.3d 667, 670 (9th Cir. 1996).

The Court cannot grant Defendants' motions without making improper pretrial factual findings.  A determination of how and to what extent each defendant conspired and agreed to corruptly persuade others to stonewall federal investigators is "substantially founded upon and intertwined with evidence" to be presented at trial.  *United States v. Lunstedt*, 997 F.2d 665, 667 (9th Cir. 1992) (internal quotations omitted).  There is no question that such issues fall "'within the province of the ultimate finder of fact and must be deferred.'" *Id.* (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).

This is particularly true because Defendants are charged with "knowingly and intentionally . . . conspir[ing] and agree[ing] to corruptly persuade" under a statute that does not require proof of an overt act in furtherance of the conspiracy.  Count 6 alleges that defendants violated 18 U.S.C. §§ 1512(b)(3) and 1512(k); the latter of those two subsections criminalizes a conspiracy to engage in corrupt persuasion to the same extent as a substantive violation.  Accordingly, the Court noted in an earlier order that § 1512(k) "does not require [proof of] an overt act in furtherance of the conspiracy." (Dkt. No. 507, at 4 (citing *United States v. Shabani*, 993 F.2d 1419, 1420 (9th Cir. 1993).)  Defendants do not appear to challenge that conclusion in their present motions.

Instead, Defendants argue that even if they did act in furtherance of the conspiracy, those actions cannot constitute "corrupt persuasion."  Relying heavily on a Third Circuit opinion, defendants argue that

ORDER – 3

§ 1512(b)(3) does not criminalize "'noncoercive attempt[s] to persuade a co-conspirator who enjoys a Fifth Amendment right not to disclose self-incriminating information about the conspiracy to refrain, in accordance with that right, from volunteering information to investigators.'" (Beach Mot. 3, quoting *United States v. Farrell*, 126 F.3d 484, 487 (3rd Cir. 1997).) In *Farrell*, a divided panel reversed the conviction because the *evidence presented at trial* failed to establish that the defendant had "corruptly" persuaded his co-conspirator to withhold information. *Id.* at 489.

In contrast, Defendants ask the Court to make *pretrial* factual findings without having "listen[ed] carefully to [Defendants'] wiretapped conversations; interpret[ed] the conversations based, in part, on the tones of voice used by the speakers; [or] evaluate[ed] the conversations in light of the nature and leadership structure of the Bandidos organization." (Pl.'s Opp'n 8.) These tasks are properly reserved to the fact-finder at trial. Accordingly, the Court will DENY Henschel's and Beach's motions to dismiss Count 6 and Racketeering Act 5 of the FSI for failure to state an offense.

### B.     18 U.S.C. § 1512(b)(3) Is Not Unconstitutionally Overbroad or Vague

Beach also argues in a separate motion that the term "corrupt persuasion" renders 18 U.S.C. § 1512(b)(3) unconstitutionally overbroad and void for vagueness. The Ninth Circuit has set forth in detail the analysis the Court must apply when addressing a constitutional challenge based on overbreadth and vagueness: "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail." *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1346 (9th Cir. 1984). Next, the Court should deny the vagueness challenge unless the statute "is impermissibly vague in all its applications." *Id.*

Turning first to Beach's overbreadth argument, he asserts that the term "corrupt persuasion" is so broad that it permits the government to criminalize constitutionally protected speech—in this case, a defendant's efforts to encourage a co-conspirator to invoke his Fifth Amendment right to silence. (*See* Dkt. No. 549.) Thus, Beach argues, the statute "operates to inhibit the exercise of individual freedoms affirmatively protected by the Fifth Amendment." (Reply 3.)

ORDER – 4

"Overbreadth is a judicially created doctrine designed to prevent the chilling of protected expression." *Massachusetts v. Oakes*, 491 U.S. 576, 584 (1989). The doctrine "has wide-ranging effects, for a statute found to be substantially overbroad is subject to facial invalidation"; thus, courts consider an overbreadth finding to be "'manifestl[y] strong medicine' that is employed 'sparingly, and only as a last resort.'" *Id.* at 581 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)). The Supreme Court has recently addressed the concept of "corrupt persuasion" and found that the "natural meaning" of those words provides sufficient guidance to juries in determining whether a defendant violated § 1512(b)(3). *Arthur Andersen LLP v. United States*, 125 S. Ct. 2129, 2135 (2005). The *Andersen* opinion is instructive even though it did not address an overbreadth challenge: by clarifying that the plain language of the statute criminalizes only "knowing corrupt persuasion," the Court effectively "limit[ed] criminality [under the statute] to persuaders conscious of their wrongdoing." *Id.* at 2135–36. This narrows the statute sufficiently so that it does not criminalize an overly broad range of activities or meaningfully threaten co-conspirators' Fifth Amendment rights.

Second, Beach argues that the term "corrupt persuasion" is so unclear that it fails to "establish minimal guidelines to govern law enforcement." *Kolender v. Lawson*, 461 U.S. 352, 358 (1983). He concludes that the statute is void for vagueness because it allows unchecked prosecution of protected speech and relies solely on the judicial system to limit the statute's reach. (*Id.* 5–6.) "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender*, 461 U.S. at 357.

The case law interpreting "corrupt persuasion" makes clear that there is no vagueness flaw in § 1512(b)(3). In *Farrell*, the Third Circuit expressly limited the statute's reach to coercive efforts to induce silence, 126 F.3d at 487, and the *Andersen* Court required evidence of conscious wrongdoing, 125 S. Ct. at 2135–36. Beach argues, however, that the narrowing effect of these cases does not cure the chilling effect that would supposedly follow if co-conspirators must "consider whether the government

ORDER – 5

might suspect they were asserting their right to silence for 'evil' reasons or 'innocent' reasons." (Reply 4.) The Court does not share Beach's view that § 1512(b)(3) permits a "'standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.'" *Kolender*, 461 U.S. at 358 (quoting *Smith v. Goguen*, 415 U.S. 566, 575 (1974)). Indeed, the Ninth Circuit has held that "a scienter requirement can help a law escape a vagueness problem." *United States v. Wyatt*, 408 F.3d 1257, 1261 (9th Cir. 2005). The requirement that § 1512(b)(3) be applied only to actors who know their persuasive efforts to be "wrongful, immoral, depraved, or evil," *Anderson*, 125 S. Ct. at 2135–36, "limits the discretion of law enforcement and mitigates any perceived vagueness" in the statute, *Wyatt*, 408 F.3d at 1261.

Finally, Beach's as-applied vagueness challenge to § 1512(b)(3) also requires the Court to go beyond the four corners of the indictment. Beach relies on his own characterization of Defendants' communications as non-coercive (Mot. 4–6), but this is a factual issue reserved for trial. Accordingly, the Court DENIES Beach's motion to dismiss Count 6 based on overbreadth or vagueness flaws in 18 U.S.C. § 1512(b)(3).

**III.  Conclusion**

In sum, the Court DENIES without prejudice the motions to dismiss Count 6 and Racketeering Act 5 of the First Superseding Indictment by Defendants William Blaine Beach (Dkt. Nos. 509 & 549) and Hugh Gale Henschel (Dkt. No. 528).

SO ORDERED this 1st day of December, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 6